CITY OF LAUREL v. WILLIAM D. TURNER.

[51 South. 403.]

MUNICIPALITIES. *Code* 1906, §§ 3398, 3399. *Police justice pro tempore. City of more than seven thousand inhabitants.*

Under Code 1906, § 3398, providing for the election by the voters of a police justice in cities of seven thousand or more inhabitants, the mayor and board of aldermen of a city having so large a number of inhabitants are without power to elect a police justice *pro tempore*, nor can the board invest itself with such power by ordinance, although the municipal board of a city having less inhabitants may do so, under Code 1906, § 3399, expressly granting the power.

FROM the circuit court of, second district, Jones county.

HON. ROBERT L. BULLARD, Judge.

The appellee, Turner, having been tried in the municipal court of the city of Laurel, on a charge of unlawfully using indecent and abusive language in the presence of a female, in violation of a municipal ordinance, appealed to the circuit court. In that court the action was dismissed on appellee's motion, for the reason set forth in the opinion; and the city appealed therefrom to the supreme court.

*W. S. Welch,* for appellant.

Code 1906, § 3399, provides for the election of a police justice *pro tem.* in cities of less than seven thousand inhabitants at the option of the mayor and board of aldermen. Code

1906, § 3398, creates a police court in all cities of seven thousand or more inhabitants, and prescribes the way in which the police justice shall be elected, but makes no provision for the election or appointment of a police justice *pro tem.* Code 1906, § 3398, was introduced into our state jurisprudence in 1906. Before that time there was no provision for a police justice in a city of less than four thousand inhabitants; and it was left to the discretion of the municipal authorities in all cities of four thousand or more inhabitants to determine whether a police justice and a police justice *pro tem.* should be elected. The mayor and board of aldermen of all cities of less than seven thousand inhabitants have now express authority to determine whether their police court shall be presided over by the mayor or by a police justice. If the mayor and board of aldermen decide to have the municipal court presided over by a police justice rather than the mayor, then provision is made by the statute law for the appointment of a police justice *pro tem.* It is admitted that Laurel is a city of more than seven thousand inhabitants, and therefore a police court is created by law and a police justice is, and must be, elected by the people. No express provision was made for a police justice *pro tem.* in Code 1906, § 3398, but authority is given to the mayor and board of aldermen under Code 1906, § 3331, to elect any necessary officers. If a police justice *pro tem.* is advisable in cities of less than seven thousand inhabitants having a police justice, then is it not absolutely necessary that cities of more than seven thousand inhabitants have a police justice *pro tem.?* Under the ruling of the court in *Hughes v. State,* 79 Miss. 79, 29 South. 786, Code 1906, § 3331, is undoubtedly constitutional. The mayor and board of aldermen of the city of Laurel did not undertake to create a court. The court was already created by the legislature. The board attempted nothing further than the election of an officer to preside over the court already created during the absence of the police justice.

The city's contention for authority under Code 1906, § 3331, is consistent with the ruling of the court in the case of *Rich v. McLaurin,* 83 Miss. 95, 25 South. 337.

*T. H. Oden* and *J. P. Thornton,* for appellee.

The ruling of the court below in sustaining the motion to dismiss the case was clearly correct. To have held otherwise, would be to decide that chapter 99 of the Mississippi Code of 1906 gives to the mayor and board of aldermen of a city of seven thousand inhabitants the inherent right to create a court, and the right to change the mode of electing or choosing its officers at pleasure, regardless of the plain provisions of the chapter to the contrary.

The duties of a police justice *pro tem.* in the absence of the regular police justice, are identical with the duties of the regular police justice. Code 1906, § 3398, creates a police court in municipalities in this state to be presided over by a police justice, and states specifically that such police justice in cities of seven thousand or more inhabitants shall be elected when the other municipal officers are elected and that he shall be commissioned and continue in office for the same term as the other municipal officers.

When the regular police justice is absent or disqualified the police justice *pro tem.* becomes the police justice, performs the same duties, and hence must have the same qualifications as the regular police justice. In cities of seven thousand or more inhabitants, he should be elected as the mayor and other officers are, he should be commissioned, a qualified elector of the municipality, and an attorney at law, under the express provisions of the statute law. If this were not so, Code 1906, § 3398, would mean absolutely nothing.

It is expressly provided in Code 1906, § 3375, that the mayor, marshal, aldermen, tax collector, treasurer, city clerk, and street commissioner shall all be elected by the people; and

Code 1906, § 3398, provides that the police justice of a
city of seven thousand or more inhabitants shall be elected
when the mayor and other officers of the municipality are
elected. Now, to hold that the mayor and board of aldermen
in cities of seven thousand or more inhabitants, may elect the
police justice *pro tem.* is, in effect, giving them the right to
change an office elective by the people to an office elective by
the mayor and board of aldermen, thus taking from the electors
of such municipality the right to vote for these officers as fixed
by Code 1906, §§ 3375, 3398.

MAYES, J., delivered the opinion of the court.

The city of Laurel appealed this case. It seems to be con-
ceded by all parties that the city of Laurel has more than seven
thousand inhabitants, and its charter is the general municipal
law of the state. The mayor and board of aldermen of the
city of Laurel passed an ordinance providing for the election
of a police justice *pro tem.* by the mayor and board of alder-
men, and after passing the ordinance proceeded to elect one B.
F. Carter to fill the place. Afterwards an affidavit was made
against Turner, appellant, charging him with a violation of a
city ordinance. We do not deem it necessary to set out the
charge, since no question grows out of it alone. A trial was
had before the police justice *pro tem.,* resulting in a conviction
of Turner, who prosecuted an appeal to the circuit court of
the county. When the cause reached there, the defendant made
a motion to dismiss the case, because the trial and conviction
was before a police justice *pro tem.,* elected by the mayor and
board of aldermen of the city of Laurel without any power so
to do. The court sustained the motion, dismissed the case, and
discharged the defendant.

The sole question in this case is whether or not the city of
Laurel, being a city of over seven thousand inhabitants, has
the power to select a police justice *pro tem.* by its mayor and

board of aldermen.   The rights of the city of Laurel are con--
trolled in this particular by Code 1906, § 3398; this section
being the one which applies to all cities of over seven thousand
inhabitants, and the city of Laurel is in this class.   Such being
the case, the city of Laurel is without any power to elect a
police justice *pro tem.*, either through its mayor and board of
aldermen or in any other way, since no such authority is given
by the statute.   The rights of municipalities are controlled by
their charter powers, and what is not in the charter cannot be
placed there by municipal action.   Municipalities are depend-
encies, not sovereignities.

   The action of the court was correct.                    *Affirmed.*